UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                                       Criminal Action No. 3:22-cr-50-RGJ

DARRELL D. TAYLOR, JR.                                                                   Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on two motions in limine filed by the United States. [DE 17, DE 21]. Defendant responded in writing to DE 17 [DE 33], and the United States conveyed to the Court that it would not reply. Briefing is complete and the matter is ripe. For the reasons below, the United States' motion in limine [DE 17] is **GRANTED IN PART AND DENIED IN PART** under the conditions below and the United States' motion in limine [DE 21] is **DENIED WITHOUT PREJUDICE**.

**I. BACKGROUND**

The Indictment charges Defendant Darrell D. Taylor, Jr. ("Taylor") with deprivation of rights under color of law in violation of 18 U.S.C. § 242 while acting as a corrections officer at the Louisville Metro Department of Corrections ("LMDC") for "punch[ing] B.R. multiple times in the face and slam[ing] B.R. in the fact first to the ground, resulting in bodily injury to B.R., including a broken jaw" on or about December 15, 2020. [DE 1]. To establish a violation of this statute, the United States must prove, beyond a reasonable doubt, that Taylor (1) acted under color of law; (2) deprived B.R. of a right secured or protected by the Constitution or laws of the United States; and (3) acted willfully. *See United States v. Lanier*, 520 U.S. 259, 264 (1997). To establish a felony violation, the government must also prove that the offense resulted in bodily injury. *United States*

1

*v. Wilson*, 344 F. App'x 134, 142 n. 6 (6th Cir. 2009). The right at issue is the right of a pretrial detainee to be free from unreasonable force under the Fourteenth Amendment's Due Process Clause. *Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021).

Before trial, scheduled to begin October 3, 2022, the United States filed four motions in limine, two of which were resolved at the final pretrial conference [DE 31]. The Court now addresses the two remaining motions in limine.

## II. STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D.Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). Thus, even where a motion in limine is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior in limine ruling at trial. *Luce,* 469 U.S. at 41–42.

### III.  DISCUSSION

**A.  United States' Motions in Limine to Admit 404(b) Evidence.**

The United States moves to admit evidence of four prior incidents of alleged misconduct by Taylor within four months of the charged conduct: (1) a December 2020 incident where Taylor allegedly engaged in an allegedly improper vascular restraint of an inmate, (2) a September 2020 incident where Taylor allegedly engaged in an improper vascular restraint of an inmate, (3) other incidents where Taylor allegedly retaliated against detainees for taking additional trays at meals, and (4) a November 2020 incident where Taylor allegedly got into shouting matches with multiple detainees over money and perceived disrespect. [DE 17 at 45-47].  The United States these incidence are probative of the element of willfulness, specifically whether Taylor had intent to deprive B.R. of the constitutional right to be free from unreasonable force. *Id*. The United States believes the defense will argue be that Taylor was not properly trained on use of force and lacked awareness of his conduct being wrong. *Id*. Thus the United States anticipates the element of "willfulness" will be in issue and  argues evidence of these prior incidents is admissible under Fed. R. Evid. 404(b) to prove Taylor's motive, intent, and absence of mistake. *Id*.

Taylor counters that the United States should not be permitted to introduce evidence of these other incidents under Fed. R. Civ. P. 404(b) because (1) the United States failed to give reasonable notice of its intent to introduce 404(b) evidence because that conduct occurred in December 2020 and the United States' notice was not given until 22 months later, five weeks before trial; (2) this case involves "a specific series of events on December 15, 2020" that has "nothing to do with any prior events" and "is not inextricably intertwined with any" prior events and thus have no bearing on motive, intent, or absence of mistake; (3) admission of the prior events is unduly prejudicial. [DE 33].

1. Standard

Rule 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Similarly, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

To determine the admissibility of evidence under Rule 404(b), the Court uses a three-step analysis. *United States v. Lattner,* 385 F.3d 947, 955 (6th Cir. 2004). First, the Court must make a preliminary determination of whether there is sufficient evidence that the "other acts" took place. *Id.* Second, the Court must determine whether the "other acts" evidence is admissible for a proper purpose under Rule 404(b). *Id.* Finally, the Court must determine whether the "other acts" evidence is more prejudicial than probative. *Id.*

For the second step, to determine whether evidence is admissible for a proper purpose, the Court must find that (1) the purpose of admitting prior acts is one that is allowed under Rule 404(b), (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative of the purpose for which it is offered. *United States v. Bell*, 516 F.3d 432, 442 (6th Cir. 2008); *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

Once the Court decides that evidence of other crimes, wrongs, or acts of a defendant is admissible under Rule 404(b), then the Court "must carefully identify in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to

4

draw the inferences expressly forbidden by Rule 404(b)." *Bell*, 516 F.3d 441 (quoting *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994)).

    2. <u>Analysis</u>

        *a. Sufficient Evidence of Other Acts*

First, the Court determines whether there is sufficient evidence the other acts took place. "The Supreme Court has held that the United States is not required to demonstrate that the other acts occurred by a preponderance of the evidence. However, the government cannot introduce evidence of potentially prejudicial similar acts without any substantiation." *Bell,* 516 F.3d at 441 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)). The United States submits that it will introduce witness testimony and surveillance video footage on the December 2020 incident and witness testimony and incident reports on the September 2020 incident, other extra-tray incidents, and November 2020 incident. [DE 17 at 48-49]. Taylor argues in his response that these incidents should not be admitted for various reasons, but he does not dispute in his response that these incidents occurred. At this stage, it appears likely the United States can meet its burden on showing that the other acts occurred.

        *b. Proper Purpose Under Fed. R. Evid. 404(b)*

Next, the Court determines whether the other acts evidence is admissible for a proper purpose under Rule 404(b) under the three factors set forth in *Bell*. The United States asserts that the other acts evidence is probative of Taylor's motive, intent, and absence of mistake, which are specifically enumerated permissible purposes for admitting prior acts evidence under Rule 404(b)(2). [DE 17 at 49]. The United States argues that it will have to prove that Taylor acted "willfully, meaning that he knew that the force he was using was unreasonable, and that he chose to use it anyway." [DE 17 at 49-50].

A defendant must have a specific intent to deprive a person of a federal right to be convicted of violating 18 U.S.C. § 242. *Screws v. United States*, 325 U.S. 91 (1945) (predecessor statute). "Evidence showing that a defendant formed a particular intent on a prior occasion may provide insight into his state of mind when he committed the charged offense," in particular where the evidence "shows that the defendant took similar actions in a similar situation." *United States v. Asher,* 910 F.3d 854, 860 (6th Cir. 2018). For past behavior to be probative of intent it must be substantially similar, although they do not have to be identical in every detail, and reasonably near in time to the specific offense at issue. *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002); *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006). But "'the prior acts [should be] part of the same scheme or involve[ ] a similar modus operandi as the present offense.'" *United States v. Emmons*, 8 F.4th 454, 475 (6th Cir. 2021) *cert. denied* sub nom. *Lundergan v. United States*, 142 S. Ct. 2676, 212 L. Ed. 2d 763 (2022) citing *United States v. Carter*, 779 F.3d 623, 627 (6th Cir. 2015) (first alteration in original).

The parties agree that these other incidents are reasonably near in time to the specific offense at issue as they were all within four months of the incident, and two of the incidents were within a month of the incident. The question is then whether these other incidents are substantially similar to the charged offense.

The United States argues that the September 2020 and December 2020 incidents are nearly identical conduct to the charged conduct because in both incidents "after learning that a detainee took an additional tray, [Taylor] walked into a dorm and used excessive force on a detainees in violation of LMCP policy . . . to punish the detainee for perceived misconduct and disrespect." [DE 17 at 51].  Taylor argues that these two incidents are not substantially similar because in both incidents he used a vascular restraint, while in the charged conduct he used a strike, and because

6

in both incidents Taylor attacked detained without being provoked; while in the charged conduct B.R. threatened and struck Taylor. [DE 146]. The Court is unpersuaded by these differences in the details of the September 2020 and December 2020 incidents and the charged offense. In all three instances, Taylor used excessive force on detainees in relation to food trays and the force was excessive. Whether the restraint was vascular versus a strike, the force was excessive. This is probative of Taylor's intent and that his use of force during the charged incident.

The United States argues that Taylor's other "non-forceful punitive conduct towards detainees who took additional trays and . . . the November incident, in which [Taylor] attempted to physically assault other detainees . . . are probative of the defendant's willful intent to punish detainees over perceived disrespect . . . ." [DE 17 at 53]. Taylor argues that other incidents involving trays is too vague to be probative of Taylor's conduct and that the November 2020 incident did not arise out of a dispute over food trays and no physical assault (alleged or actual) every occurred. [DE 33 at 144]. The Court finds these incidents, the incidents involving trays and the November 2020 incident, are not substantially similar such that they are admissible to prove intent. None of these incidents escalated to the point that they involved use of excessive force. Under the circumstances of this case and the charge at issue, the prior incidents at issue must have involved Taylor's use of excessive force to be substantially similar to the charged offense to show intent. The Court will not allow those incidents to be admitted under Fed. R. Evid. 404(b) to show intent.

The United States did not substantively develop its arguments about why any of these incidents show motive or absence of mistake. Thus at this time the Court will not permit evidence of the non-physical tray incidents or November 2020 incident to be admitted under Rule 404(b) to demonstrate motive or absence of mistake.

       *c. Prejudice Analysis Under Fed. R. Evid. 403*

The United States argues that evidence of the prior incidents has enhanced probative value because of the similarities between the incidents and that even through their admission is prejudicial, it is not unfairly prejudicial. Taylor argues admission of the September 2020 and December 2020 are prejudicial as both involve incidents where Taylor attacked a detainees while unprovoked, while the victim of the charged conduct is less sympathetic because he verbally and physically attacked Taylor. [DE 133 at 148].

The Court finds the other acts evidence proposed by the United States is not more prejudicial than probative under Rule 403. "The term 'unfair prejudice' speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground difference from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). While Taylor's excessive force was unprovoked in the September 2020 and December 2020 incidents, the victims of those incidents were not as severely injured. Both incidents are highly probative, given their substantial similarities and close temporal proximity, and while evidence of the incidents is undoubtedly prejudicial, it is not unfairly prejudicial and can be mitigated with a limiting instruction to the jury.

       *d. Reasonableness of the United States' 404(b) Notice*

Taylor argues even if the incidents were admissible the United States' notice is not reasonable under Rule 404(b) and at the pretrial conference hearing stated he would need additional time to prepare for trial. Rule 404(b) requires the prosecutor in a criminal case to:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

8

Fed. R. Evid. 404(b)(3)(A)-(C). The pretrial notice requirement is "intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b), Advisory Committee Notes (1991 Amendments).

Taylor does not argue that the notice fails to provide sufficient detail to let him know about the general nature of the evidence of extrinsic acts it seeks to admit, but argues that the notice is untimely because it was only made five weeks before trial. The United States filed its notice of intent to admit Rule 404(b) evidence on August 25, 2022, the deadline for motions in limine. [DE 16]. It was also not disputed by Taylor at the pretrial conference that the discovery materials on these incidents were produced to the defense before the notice was filed as part of the earlier discovery disclosures that were made in the case. There was no surprise and without further information, there is no reason to determine there is not enough time for defense counsel to prepare for trial. Taylor was also involved in and aware of these incidents. Thus, the United States' 404(b) notice was reasonable.

### e. Tentative Ruling on September 2020 and December 2020 Incidents

The Court will tentatively allow the United States to present evidence of these two incidents (September 2020 and December 2020) under Rule 404(b) to demonstrate specific intent as discussed above. **However, the Court will only allow the United States to present this evidence after the evidence surrounding the charged conduct has been presented, so that the Court can ensure the prior events are substantially similar and relevant particularly in that the force used in these two prior incidents was determined to be excessive and that Taylor was on notice that the force was excessive**. The Court believes they are based on what has been presented in the briefing and during the final pretrial conference. But to be certain the Court wants to hear the evidence surrounding the charged conduct before allowing admission of these two prior

incidents. Further, the United States must tender a proposed limiting instruction to the Court that sets forth the permissible uses of Rule 404(b) evidence to mitigate the prejudicial impact of the evidence of the September 2020 and December 2020 incidents. Taylor may also submit a proposed limiting instructions to the Court.

### B. The United States' Motion in Limine to Exclude Evidence of Unrelated Violence or Inmate Deaths at LMDC [DE 21].

The United States moves in limine to exclude evidence of unrelated violence or inmate deaths at LMDC. [DE 21]. The motion includes acts of violence by other officers against other detainees, acts of violence by detainees against other officers, and inmate deaths from suicide or overdose. *Id.* The motion was discussed during the pretrial conference and Taylor did not file a written response, although an opportunity to do so was granted.

To be relevant, evidence must make a fact "of consequence in determining the action" more or less probable. Fed. R. Evid. 401. Rule 403 provides that evidence must be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice," "confusion of the issues," or "misleading the jury." Fed. R. Evid. 403. As discussed above, "unfair prejudice" refers to evidence that "tends to suggest [a] decision on an improper basis." *Newsom*, 452 F.3d at 604.

The United States argues these incidents are irrelevant, misleading, offered only to encourage jury nullification. The United States argues that none of these incidents make any element of the charge more or less probable and that evidence of these incidents would be offered to suggest that the jury should decide this case based on sympathy toward the defendant because of his former work environment, or anger toward inmates, rather than based on the evidence on what Taylor did to B.R. and whether he did it willfully. It also argues that evidence of unrelated acts of violence or inmate deaths would be confusing and misleading to the jury because it would suggest incorrectly to the jury that these deaths or other acts of violence—carried out on different

10

occasions, by different subjects, against different victims—are somehow legally relevant. Taylor argues in his Pretrial Memo [DE 30 at 131] that evidence of violence and inmate deaths at LMDC "may leak into evidence" and "be relevant at trial." He also suggested that there are substantive issues of training at LMDC that will be party of his defense and may be relevant at trial.

As the outset the Court and parties discussed issues at LMDC after the incident that is charged. Anything that occurred after the December 15, 2020 incident, such as LMDC adding radios, that qualifies as subsequent remedial measure will be prohibited from evidence at trial as required by Fed. R. Evid. 407, unless it is shown that the evidence meets one of the permissible enumerated purposes for offering evidence of a subsequent remedial measure found in Rule 407.

If Taylor offers evidence about his training before the December 15 incident, the United States recognized at the pretrial conference that such training may have referenced other incidents that have occurred and that could be relevant and admissible as to Taylor's training. The Court also recognized that conditions relevant at the time of the incident may be admissible. For instance, the fact that LMDC did not have radios during the incident on December 15, would be a relevant fact of the conditions that existed at the time of the incident. But the Court recognized that prior incidents before December 15 that do not constitute factual conditions at the time of the incident may be irrelevant. How the evidence is presented at trial and context in which is presented will determine whether prior incidents of violence or inmate deaths could be relevant and not unfairly prejudicial. The Court does not have enough information at this time to make an informed ruling. If the issues raised in this motion in limine arise at trial, counsel shall approach the bench and the Court will hear further argument from counsel and decide then whether to exclude the testimony or evidence.

## IV. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that the United States' motions in limine [DE 17] is **GRANTED IN PART AND DENIED IN PART** under the conditions and requirements set forth above and the United States' motion in limine [DE 21] is **DENIED WITHOUT PREJUDICE** for the reasons set forth above.

Rebecca Grady Jennings, District Judge
United States District Court

September 9, 2022