FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Oct 06, 2022 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                    Criminal Action No. 3:22-cr-50-RGJ

DARRELL D. TAYLOR, JR.                                    Defendant

\* \* \* \* \*

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain some rules that you must use in evaluating testimony and evidence. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not evidence of guilt.  It is just the formal way the government tells the defendant what crime he is accused of committing.  It does not raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one type of evidence is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

 Let me suggest some things for you to consider in evaluating each witness's testimony.


(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Next, I will explain the elements of the crime that the defendant is accused of committing.

I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.

## DEFINITION OF THE CRIME

### Deprivation of Rights Under Color of Law

Count 1 of the indictment charges the defendant of willfully depriving a pretrial detainee of the right to be free from the use of unreasonable force by a corrections officer.

For you to find the defendant guilty of the crime charged in Count One of the Indictment, you must find that the government has proven each of the following four elements beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant acted under color of law; |
| Second: | That the defendant deprived the victim, Brandon Robertson, of a Constitutional right; in this case, the right to be free from the deprivation of liberty without due process of law, which includes the right to be free from an officer's use of objectively unreasonable force; |
| Third: | That the defendant acted willfully; and |
| Fourth: | That the offense resulted in bodily injury. |

If you are convinced beyond a reasonable doubt that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Now I will give you more detailed instructions on some of these terms.

(A) Color of Law

A person acts "under color of law" if he is an official or employee of a government and he uses or abuses power he possesses because of his official position. A government official, such as

10

a corrections officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that the defendant was an officer at Louisville Metro Detention Center and that he used or abused his authority as a corrections officer at the time of the charged incident, then you may find that he acted under color of law and that the first element is satisfied.

(B) Deprivation of Liberty and Reasonable Force

Not every use of force by a law enforcement officer against a pretrial detainee is unconstitutional.  An officer may use force to maintain the safety of himself and other officers, to prevent a riot, to similarly maintain discipline or restore order in a jail or prison facility, or to accomplish other legitimate law enforcement goals. Even when some force is objectively necessary to carry out a legitimate law enforcement objective, officers may not use more force than is objectively reasonable to achieve that goal. An officer may not use force merely because an arrestee questions an officer's authority, insults the officer, uses profanity, or otherwise engages in verbal provocation.  An officer may not use force solely to punish, retaliate against, or seek retribution against another person.

If you determine that the defendant used physical force against Brandon Robertson, you must then decide whether that force was objectively unreasonable. You should evaluate reasonableness from the point of view of an ordinary and reasonable officer on the scene and at the moment the force was used. In making your determination, you should consider all the facts and circumstances, including the amount of the force used; the relationship between the need for the use of force and the amount of force used; the extent of Brandon Robertson's injury, if any; any effort made by the defendant to temper or to limit the amount of force; the severity of any

11

security problem at issue; the threat, if any, reasonably perceived by the defendant; and whether Brandon Robertson was actively attempting to escape or resisting orders given by the defendant or other law enforcement authorities.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that the force that is objectively reasonable at the beginning of an encounter may not be justified—even seconds later—if the objective justification for the initial use of force has been eliminated.

(C) Willfully

A person acts willfully if he acts voluntarily and intentionally with the specific intent to do something the law forbids.  In this case, it means that the defendant used force knowing that the force he used was more than what a reasonable officer would have used under the circumstances.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew that he was violating a specific law or constitutional provision.  You may find that a defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. You must, however, find that the defendant intended to do that which the Constitution forbids—in this case, that he intended to use more force than was reasonable.

A person's state of mind can often be proven only by circumstantial evidence, since no one can read another person's mind and tell exactly what that person is thinking.  In determining whether the defendant acted willfully, you may consider all surrounding circumstances, including (but not limited to): the manner in which any constitutional violation was carried out; the duration of any constitutional violation; anything the defendant said; anything the defendant did or failed

12

to do; and how the defendant acted before, during, and after the incident.  For example, you may consider whether the defendant took care to cover up or conceal his deeds.  You may also consider whether the defendant had been trained, and whether he acted consistently or inconsistently with that training.

Also, in considering the defendant's state of mind, you may find that the defendant intended the natural and probable results of any act he knowingly took. In other words, you may infer that the defendant intended the consequences that a reasonable law enforcement officer, standing in like circumstances and possessing like knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find from the evidence.

It is not a defense that the defendant may also have been motivated by greed, anger, or some other emotion, provided that the intent that I have described to you was present.  You may, however, consider such motivations—as well as any malice displayed by the defendant—in determining whether the defendant acted willfully, as I have described that term to you.

(D) Injury

"Bodily injury" means (A) a cut, abrasion, bruise, burn, or disfigurement (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.  The government does not need to prove that a defendant intended to cause bodily injury, or that a defendant's acts were the sole cause of bodily injury.

**Deprivation of Rights Under Color of Law**
**LIMITING INSTRUCTION REGARDING POLICIES AND TRAINING**

The government has introduced evidence of policies and training that the defendant received at the Louisville Metro Department of Corrections. This evidence has been admitted for a limited purpose. You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether the defendant violated any rule or acted in contravention of his training. If you find that he acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a government employee rises to the level of a federal constitutional violation. It is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination of whether the defendant violated Brandon Robertson's constitutional rights.

In other words, if you determine that the defendant violated a policy of the Louisville Metro Department of Corrections or acted contrary to his training, you should consider that evidence only in determining whether the defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

14

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way to prove a defendant's state of mind directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

15

## DEFENDANT'S TESTIMONY

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

### DELIBERATIONS AND VERDICT

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Courtroom Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Courtroom Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

### RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

18

could result, which would require the entire trial process to start over.

### UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

## VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and notify the Courtroom Security Officer.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.